UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

D'ANDRE L. WILLIAMS, by and through )
his Guardian ad Litem, DAVID WILLIAMS, )
                                      )
      Plaintiff, )
                                      )
   v. )          No. 4:04-CV-631 CAS
                                      )
CITY OF BEVERLY HILLS, MISSOURI, )
et al., )
                                      )
     Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to amend, correct or allow relief from the Amended Judgment and Order of Dismissal issued in this case on March 31, 2006. Plaintiff's motion to amend was filed on April 24, 2006. Defendants oppose the motion. Plaintiff did not file a reply memorandum. For the following reasons, plaintiff's motion should be denied.

**Background**.

In the Memorandum and Order of March 31, 2006, the Court granted judgment in favor of the defendants on all of plaintiff's federal law claims under section 1983. Having done so, the Court concluded that it should not exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismissed the state law claims without prejudice. Mem. and Order of Mar. 31, 2006 at 32-33 [Doc. 58]; Amended Judgment and Order of Dismissal [Doc. 59].

In the motion to amend judgment, plaintiff asserts that because this action was removed to federal court, the Court was required to remand the state law claims under 28 U.S.C. § 1447(C) and erred in dismissing the claims instead. Plaintiff asserts that the Court can amend the judgment to

provide for remand of the claims, under Rules 59 or 60 of the Federal Rules of Civil Procedure. Plaintiff filed a notice of appeal in this action on April 27, 2006.

Defendants respond that the Court lacks jurisdiction to address plaintiff's motion under Rule 59(e) because the motion is untimely, and that the motion does not allege any facts which would support amendment of the judgment under Rule 60(b). Defendants also respond that plaintiff failed to provide any authority to support his argument that the claims should have been remanded, and assert that the Court correctly dismissed the state law claims after dismissing the federal claims and was not required to remand them, citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1963).

**Discussion**.

  **A. Rule 59**.

Plaintiff does not specify which portion of Rule 59 he seeks to invoke in the motion to amend the judgment. The Court construes the motion as having been brought under Rule 59(e), because the motion questions the correctness of the judgment. See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (any motion which questions the correctness of a judgment is functionally a Rule 59(e) motion). Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health, 141 F.3d at 1286 (citations omitted). Rule 59(e) motions "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Id. (internal punctuation and quoted case omitted). Rule 59(e) motions seek a substantive change in a judgment. BBCA, Inc. v. United States, 954 F.2d 1429, 1432 (8th Cir.), cert. denied, 506 U.S. 866 (1992). In Innovative Home Health Care, the Eighth Circuit approved

the district court's grant of a motion to amend a judgment to dismiss supplemental state law claims without prejudice, where the court had previously exercised supplemental jurisdiction over the state law claims and dismissed them on the merits. Id. at 1287.

Rule 59(e) states that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. Courts lack the authority to extend the time for filing a motion under Rule 59(e). See Rule 6(b), Fed. R. Civ. P.; Fox v. Brewer, 620 F.2d 177, 179 (8th Cir. 1980). The ten-day time period begins to run the day after entry of the relevant ruling, see Fed. R. Civ. P. 6(a), and weekend days are excluded from the period. Parkus v. Delo, 985 F.2d 425, 426 (8th Cir. 1993). A court lacks jurisdiction over an untimely motion under Rule 59(e). Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988).

The amended judgment was entered in this case on March 31, 2006. Plaintiff's motion to amend the judgment was filed on April 24, 2006. See [Doc. 61]. Plaintiff's motion was filed well beyond the ten-day period for filing a motion under Rule 59(e). The Court therefore lacks jurisdiction to address plaintiff's motion to amend under Rule 59(e). Had the motion had been timely filed, the Court would have granted it.

**B. Rule 60**.

Plaintiff's motion to amend the judgment also cites Rule 60, but does not indicate which portion of the rule plaintiff invokes. Although defendants assume that plaintiff relies on Rule 60(b), plaintiff's memorandum in support of the motion to amend states in pertinent part that Rule 60 "allows a Court to correct clerical mistakes, errors arising from oversight or omission on its own initiative or on the motion of any party." Pl.'s Mem. Supp. of Mot. to Amend at 1. This language tracks the text of Rule 60(a), which provides:

3

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Rule 60(a), Fed. R. Civ. P. Because of the similarity between the language used by plaintiff in his motion to amend and the text of Rule 60(a), and because plaintiff does not allege facts which would bring his motion within any of the subsections of Rule 60(b), the Court will construe plaintiff's motion as having been brought pursuant to Rule 60(a).

Rule 60(a) "allows relief from a judgment based on clerical mistakes in the record." Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1538-39 (8th Cir. 1996). The rule applies to errors by the court, clerk or parties. Pattiz v. Schwartz, 386 F.2d 300, 303 (8th Cir. 1968). "The plain language of the rule divests the district court of jurisdiction to correct mistakes or omissions in its judgment while an appeal of such judgment is pending before the appellate court, unless leave of the appellate court has been granted." In re Modern Textile, Inc., 900 F.2d 1184, 1193 (8th Cir. 1990). "The underlying purpose of this rule . . . is to protect the administrative integrity of the appeal, i.e., to ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made with the appellate court's knowledge and authorization." Id. Because the notice of appeal has been transmitted to the Court of Appeals, and there is no indication plaintiff has sought leave for this Court to address the motion to amend, the Court lacks jurisdiction to address plaintiff's motion under Rule 60(a).

In addition, it does not appear to the Court that the type of error alleged by plaintiff is capable of redress under Rule 60(a). The Eighth Circuit has explained, "Under Rule 60(a) a court may

correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (internal punctuation and quoted case omitted). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." Id. (quoting Truskoski v. ESPN, Inc. 60 F.3d 74, 77 (2d Cir. 1995) (per curiam)). In Kocher, the Eighth Circuit held that relief from a judgment was not available under Rule 60(a) because there was no clerical error, where there was nothing in the record to suggest that the district court did not intend to exercise jurisdiction over claims against certain parties and grant summary judgment in their favor, even though the judgment may have been inappropriate because of a mistaken reading of the removal notice in the federal court in Pennsylvania from which the case was transferred. Id. at 1229. The Eighth Circuit also does not treat the erroneous allowance or omission of prejudgment interest as a clerical error within the purview of Rule 60(a). See Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969).

The Seventh Circuit has noted that courts often encounter difficulty in determining whether Rule 60(a) motions are brought to correct clerical errors. Wesco Products Co. v. Alloy Auto. Co., 880 F.2d 981, 984 (7th Cir. 1989). That court has "identified the relevant distinction as being between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error." Id. "Thus, if the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, the parties must seek another source of authority to correct the mistake." Id. (internal punctuation and quoted case omitted).

In this case, the Court would have remanded plaintiff's state law claims had it recalled at the time of judgment that the case was removed from state court rather than initially filed in federal court.

5

Nonetheless, at the time judgment was entered, the Court intended to dismiss the state law claims without prejudice. Therefore, it appears that the relief plaintiff seeks is not the mere correction of a clerical error, i.e., to change the judgment to accurately reflect a decision the Court actually made, but rather seeks a substantive change in the judgment. For this reason, the Court concludes that plaintiff's motion does not seek relief from a clerical mistake under Rule 60(a).

Plaintiff argues that under 28 U.S.C. § 1447(c), the Court was required to remand the state law claims after dismissing the federal claims. Plaintiff's argument is incorrect. When a court dismisses all claims over which it has original jurisdiction, it still retains supplemental jurisdiction over related state law claims which form part of the same case or controversy as the federal claims and may exercise jurisdiction over the state law claims. See 28 U.S.C. § 1367(c); see also Lindsey v. Dillard's, Inc., 306 F.3d 596, 598-99 (8th Cir. 2002). As a result, the discretionary dismissal of supplemental state law claims is not governed by 28 U.S.C. § 1447(c), which requires a court to remand any removed case if it determines subject matter jurisdiction is lacking, but rather by 28 U.S.C. § 1367(c), which simply states that district courts "may decline to exercise supplemental jurisdiction" over related state law claims under certain circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Lindsey, 306 F.3d at 599 (where a district court remands supplemental state law claims after dismissing all claims over which it has original jurisdiction, the remand is not for lack of subject matter jurisdiction and falls outside the bounds of § 1447(c)); see also Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 541-42 (8th Cir. 1996); In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994) (per curiam).

When a court declines to exercise supplemental jurisdiction over state law claims in a case that has been removed from state court, the court has two options: the claims may either be dismissed without prejudice or the case may be remanded to the state court from which it was removed. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988); Moses v. Banco Mortgage Co., 778 F.2d 267, 274 (5th Cir. 1985). Although this Court generally prefers to remand claims rather than dismissing them, it did not do so in this case as a result of oversight. Nonetheless, for the reasons discussed above, the dismissal without prejudice was proper under 28 U.S.C. § 1367(c), and § 1447(c) is inapplicable. As a result, no relief is available under Rule 60(a).

**C. Rule 60(b)**.

A motion to amend may be considered as a motion under Rule 60(b), Federal Rules of Civil Procedure, only if it states on its face grounds for relief under that rule. Wilson v. Runyon, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam), cert. denied, 508 U.S. 975 (1993). "Relief under Rule 60(b) is an extraordinary remedy and will be justified only under exceptional circumstances." Prudential Ins. Co. of America v. National Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (internal punctuation and quoted case omitted).

It does not appear to the Court that plaintiff intended to seek relief under Rule 60(b), nor does his motion to amend the judgment state facts which would warrant relief under Rule 60(b). Nonetheless, to the extent plaintiff's motion might be interpreted as asserting a claim under Rule 60(b)(1) for relief from a final judgment based on mistake, the motion should be denied.

This Court has not found any Eighth Circuit cases directly on point, but a Fifth Circuit decision addressing a procedurally similar case holds that Rule 60(b)(1) is inapplicable in this situation. In Moses v. Banco Mortgage Co., 778 F.2d 267, the district court granted summary

7

judgment in favor of the defendants on the federal claims in a removed case, declined to exercise supplemental jurisdiction over the state law claims, and dismissed the state law claims without prejudice. Id. at 270. The plaintiff moved for reconsideration under Rules 52 and 59, Fed. R. Civ. P., but the motion was untimely. Id. at 274. The plaintiff also moved for relief from the judgment under Rule 60(b)(1), arguing that the state law claims should have been remanded to state court rather than dismissed without prejudice. The district court granted the Rule 60(b) motion and amended the judgment to remand the state law claims. Id. The Fifth Circuit reversed, holding that because the district court had discretion to retain jurisdiction over the state law claims, remand them to state court, or dismiss them without prejudice, it did not make a mistake in dismissing the claims. As a result, the court could not rely on Rule 60(b)(1) to amend the judgment, because the Rule only authorizes a court to correct a mistake. Id. The Fifth Circuit held that the amended judgment remanding the state law claims was void and reinstated the original judgment dismissing the claims without prejudice. Id. at 275.

Based on this authority, plaintiff's motion to amend the judgment should be denied to the extent it seeks relief under Rule 60(b)(1), because it does not state grounds for relief under that Rule.

**Conclusion**.

For the foregoing reasons, plaintiff's motion to amend, correct or allow relief from the Amended Judgment and Order of Dismissal issued March 31, 2006 should be denied for lack of jurisdiction under Rule 59(e) because the motion was untimely. The motion should also be denied for lack of jurisdiction under Rule 60(a), because the appeal has been docketed and the appellate court has not granted leave for this Court to consider the motion. Finally, the motion should be denied under Rule 60(b)(1) because it does not state grounds for relief under that Rule.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend, correct or allow relief from the amended judgment is **DENIED** for lack of jurisdiction to the extent it is brought under Rules 59(e) and 60(a), Fed. R. Civ. P., and **DENIED** to the extent it is brought under Rule 60(b), Fed. R. Civ. P. [Doc. 61]

                                      **CHARLES A. SHAW**
                                      **UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of May, 2006.